```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

ANTHONY McCORD,                                    ORDER
                                                20-CV-2005 (EK)
            Petitioner,

      v.

PATRICK REARDON et al.,

            Defendants.

---------------------------------------x
```

ERIC KOMITEE, United States District Judge:

      This case involves a petition for writ of habeas corpus under 28 U.S.C. § 2254, which was filed on May 1, 2020. On August 21, 2020, Respondent moved to seal the state court record in its entirety pursuant to New York Civil Rights Law § 50-b(1). Petitioner opposed. For the reasons set forth below, Respondent's motion to seal is denied, without prejudice to bring a more tailored motion (for example, to redact any references to victims' names, or replace those names with initials).

## I. Background

      Respondent requests to seal the state court record from Petitioner's criminal case, including the pre-trial and trial transcripts, appellate briefs, and other state court filings, because the record includes references to two victims,

one of whom was allegedly the victim of a sex offense. *See* Motion to Seal (ECF No. 10) ("Respondent's Motion") at 1. Specifically, Petitioner was charged with robbing and assaulting two women and raping one of them; following a jury trial, he was convicted of robbery, burglary, and assault, and acquitted on the charge of rape. *Id.* Respondent argues that the state court record should be sealed pursuant to New York Civil Rights Law § 50-b(1), which provides, "The identity of any victim of a sex offense . . . shall be confidential. No report, paper, picture, photograph, court file or other documents, in the custody of any public officer or employee, which identifies such victim shall be made available for public inspection. No such public official or employee shall disclose any portion of any police report, court file, or other document, which tends to identify such victim. . . ." *See* N.Y.C.R.L. § 50-b(1); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 109 n.4 (2d Cir. 2000) (referring to victim by her initials in light of New York Civil Rights Law § 50-b, which "provides that the identities of the victims of sex offenses be kept confidential by the State"). Respondent also argues that this Court should seal the habeas petition for the same reason, as it includes "numerous references to the full names of the victims." Respondent's Motion at 2.

Petitioner opposes the motion to seal on two grounds. *See* Petition's Opposition (ECF No. 11) ("Opposition"). First, he argues that § 50-b(1) does not apply because he was acquitted of the rape charge and was not convicted of any sex offense. Petitioner distinguishes the cases cited by Respondent because they all involved defendants who were convicted of a sex offense. *Id.* at 2. Second, he argues that the relevant victim's name is already publicly available because she testified at trial using her full name, and the parties both publicly filed appellate briefs in state court that also included her full name. *Id.* For these reasons, Petitioner argues that any remaining privacy interests do not outweigh the strong presumption of public access to his habeas petition and the state court records from his criminal case.

## II. Discussion

The Second Circuit has described both common law and First Amendment rights of public access to the federal courts for the purpose of monitoring judicial proceedings. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). There is a presumption of public access to judicial documents, the weight of which is governed by "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049

3

(2d Cir. 1995). The presumption of public access applies to the state court records of the criminal trial and direct appeal from which a petitioner seeks habeas relief. *See Winkfield v. Duncan*, No. 12-CV-3237, 2013 WL 360400, at *2 (E.D.N.Y. Jan. 24, 2013) (noting "the presumption of access is at its apex" where "the court must rely directly on the state court record to adjudicate the merits" of a habeas petition).

Such documents may be sealed, however, when there are countervailing factors such as privacy interests at stake, and where "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 121. Courts have recognized the privacy interests of crime victims as a countervailing factor that must be balanced against the presumption of access to determine whether sealing is appropriate. *See United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995).

The importance of safeguarding a sexual assault victim's identity is a "compelling reason" to limit the general public's access to documents filed in a case. *Scott v. Graham*, No. 16-CV-2372, 2016 WL 6804999, at *1 (S.D.N.Y. Nov. 17, 2016); *see also Winkfield*, 2013 WL 360400, at *3 ("Our society has undoubtedly recognized that victims of sexual assault have a strong interest in keeping their identities private.").

4

Accordingly, "[i]n habeas proceedings seeking relief from convictions for sex offenses, numerous courts . . . have entered sealing orders, or have excluded the rape victim's name from judicial documents, to protect the victim's identity." *Scott*, 2016 WL 6804999, at *1 (collecting cases in which documents were sealed and/or victims' names were withheld in order to protect their privacy).[1]  However, even in such cases, courts may still require that a redacted version of the state court record be made available to the public. *See id.* at *2 (granting motion to seal but directing the respondent to publicly file copies of the state court record and trial transcripts with victim's name redacted).

Respondent does not explain why it is appropriate to seal the entire state court record as opposed to proposing narrowly tailored redactions to address the specific privacy interests at issue. For example, Respondent does not "provide

---

[1] Petitioner argues that N.Y.C.R.L. § 50-b does not apply to the victims in this case at all because – unlike petitioners in the cases cited above – he was not convicted of a sex offense against either victim. The Court need not reach this distinction because, even assuming § 50-b does apply, Respondent's motion to seal the state court record in its entirety is deficient for other reasons. The Court observes, however, that New York state courts have applied § 50-b protection in "circumstances under which the victim's cooperation during the course of a prosecution of an alleged sex crime was necessary." *See Doe v. Kidd*, 19 Misc. 3d 782, 786, 860 N.Y.S.2d 866, 870 (Sup. Ct. 2008) (collecting cases). A victim who testifies about an alleged sex crime at trial thus would fall within the protection of the statute. Petitioner's reliance on *Brown v. New York City Police Dep't*, 264 A.D.2d 558 (1st Dep't 1999), is misplaced, given that the alleged victim there testified that the petitioner had *not* raped her. *See id.* at 561.

5

an estimate of the number of pages on which the information sought to be protected appears in the state-court documents sought to be filed under seal, or the total number of pages that would need to be reviewed to obtain such information, or the estimated amount of time required to conduct such a review and the redactions." *Thomas v. Colvin*, No. 15-CV-948, 2015 WL 4240721, at *2 (S.D.N.Y. July 13, 2015). The privacy protection afforded by § 50-b prohibits a public official or employee from disclosing "any portion" of a document that tends to identify the victim of a sex offense, but it is not necessarily a basis for withholding the document from the public in its entirety.[2]

Accordingly, Respondent's motion to file the state court record under seal is denied *without prejudice*. Respondent may move to redact the victims' names from the court files and documents for this case. That renewed motion setting forth the legal and factual bases for that request and proposing tailored redactions should be filed by September 11, 2020. In the meantime, to protect confidentiality, Petitioner's habeas petition, supporting memorandum and appendix (ECF Nos. 1, 1-1, and 1-2) and the state court records attached to Respondent's

---

[2] Courts often refer to victims of sex offenses using a pseudonym, such as their initials, in judicial documents. *See, e.g.*, *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 109 n.4 (2d Cir. 2000). Implicit in this approach is a balancing of the victim's privacy interest, on one hand, and the public interest in access to the judicial proceedings, on the other.

6

September 3 filing (ECF Nos. 12-1, 12-2, and 12-3) shall be placed under seal pending the Court's review of any proposed redactions.

        SO ORDERED.

                                     /s/ Eric Komitee  
                                    ERIC KOMITEE  
                                    United States District Judge

Dated: Brooklyn, New York  
       September 4, 2020