```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

ANTHONY McCORD,                                          ORDER
                                                    20-CV-2005 (EK)
                Petitioner,

        v.

PATRICK REARDON et al.,

                Defendants.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

       Before the Court is Respondent's renewed motion to seal the state-court record pursuant to New York Civil Rights Law § 50-b(1).  In this Court's Order dated September 4, 2020, the Court denied Respondent's motion to seal the state-court record in its entirety, without prejudice to file a renewed request proposing redactions tailored to the privacy interests at issue.  Pending the Court's review of any proposed redactions, the Court placed under seal the state-court records filed by Respondent (ECF Nos. 12-1, 12-2, and 12-3), as well as the habeas petition, memorandum of law, and appendix filed by Petitioner (ECF Nos. 1, 1-1, and 1-2).  Respondent renews its request to seal the state-court record in its entirety, and alternatively asks to file a redacted version on the public docket that substitutes the victims' names with initials.  As

set forth below, the latter request (to redact the state-court record) is granted.

## I. Discussion

The basis for Respondent's motion to seal is that the state-court record includes references to two victims who testified at Petitioner's trial, which involved charged sex crimes.  *See* Letter dated September 21, 2020, ECF No. 15, at 1 ("Respondent's Letter"); *see also* N.Y.C.R.L. § 50-b(1) ("The identity of any victim of a sex offense . . . shall be confidential.").[1]  Respondent seeks to seal the state-court record in its entirety, on the ground that making redactions would be "unduly burdensome and time consuming" due to the length of the record, which includes, among other things, over 800 pages of trial transcripts, 230 pages of appellate briefing, and a "voluminous" motion to vacate Petitioner's sentence.  Respondent's Letter at 1.  In the alternative, Respondent asks to redact the record by substituting the victims' initials for their names, because "their interest in privacy should outweigh any public interest in their identity."  *Id.*  Petitioner opposes both requests.  Letter dated September 22, 2020, ECF No. 16.

---

[1] This provision of the New York Civil Rights Law, and applicable case law on when sealing or redacting state-court records is appropriate in accordance with this law, is discussed at greater length in the Court's Order dated September 4, 2020.

While the Court is cognizant of the burden that redactions impose, it is more appropriate to redact the victims' names in this case than to withhold the state-court records from public access entirely. The cases identified in Respondent's letter, in which federal district courts sealed entire state-court records to protect the privacy interests of the victims of sex offenses, are distinguishable from the instant circumstances. *See Diaz v. Artus*, No. 1:12-CV-0075, 2015 WL 277410, at *3 (W.D.N.Y. 2015) (sealing state-court record to protect victim's privacy where petitioner was charged and convicted of crimes involving sexual abuse of a child); *Stewart v. Hunt*, 9:09-CV-712, 2012 WL 4107825, at *1 n.3 (N.D.N.Y. 2012) (same); *Martich v. Smith*, No. 08-CV-6277, 2009 WL 2043894, at *1 n.4 (S.D.N.Y. 2009) (same).

Here, Petitioner faced a number of charges unrelated to sex offenses — including robbery, burglary, and assault — and, unlike the petitioners in the cases above, Petitioner was not ultimately convicted of a sex crime. The Court must balance the privacy interests of the victims against the presumption of public access to judicial documents, which is "at its apex" when the state-court record is relied upon to adjudicate the merits of a habeas petition. *See Winkfield v. Duncan*, No. 12-CV-3237, 2013 WL 360400, at *2 (E.D.N.Y. Jan. 24, 2013). Therefore, the most appropriate way to safeguard the victims' privacy

interests, while retaining public access to the adjudication of this case, is for the parties to redact the victims' names from the state-court records and all other publicly filed documents by referring to them by their initials.[2]

## II. Conclusion

Accordingly, Respondent's motion to seal is granted in part. The Court will maintain the unredacted state-court records (ECF Nos. 12-1, 12-2, and 12-3) under seal. Respondent is directed to file a redacted version of the state-court record on the public docket that substitutes the victims' initials for their names within thirty days of this Order.

Additionally, the Court will maintain Petitioner's memorandum of law and appendix in support of his habeas petition (ECF Nos. 1-1 and 1-2) under seal. Petitioner is directed to file a redacted version of these documents on the public docket that substitutes the victims' initials for names within thirty days of this Order, except that, to the extent that the appendix (ECF No. 1-2) is duplicative of the state-court record to be

---

[2] The Court also observes that, while the state-court record to be redacted is voluminous, it is comparable to the size of state-court records in other habeas cases. In *Scott v. Graham*, for example, a case in which the habeas petitioner had been convicted of first-degree rape, the State filed over 1,400 pages of trial transcripts and other state court records containing redactions of the names of the victim, her mother, and minor child, as opposed to filing the records under seal. No. 16-CV-2372, 2016 WL 6804999, at *1 (S.D.N.Y. Nov. 17, 2016); *see also* No. 16-CV-2372, ECF Nos. 31-1 through 31-22 (redacted state court records).

redacted by Respondent, Petitioner may choose not to submit a redacted version and rely instead on the version under seal.

Finally, Petitioner's habeas petition (ECF No. 1) was placed under seal along with the filings described above pursuant to this Court's Order dated September 4, 2020. As the petition does not disclose the name of either victim, the Court orders it unsealed.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: Brooklyn, New York
       November 30, 2020